NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GOLDEN TEMPLE OF OREGON, LLC, an Oregon Limited Liability Company,

Plaintiff-Appellee,

v.

BIBIJI INDERJIT KAUR PURI,

Defendant-Appellant,

and

SOPURKH KAUR KHALSA, Co-Trustee of the Yogi Bhajan Administrative Trust; EK ONG KAR KAUR KHALSA, Co-Trustee of the Yogi Bhajan Administrative Trust; YOGI BHAJAN ADMINISTRATIVE TRUST; SHAKTI PARWHA KAUR KHALSA,

Defendants.

No.    17-35542

D.C. No. 3:11-cv-01358-HZ

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted June 5, 2019
Portland, Oregon

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: MURGUIA and HURWITZ, Circuit Judges, and ZIPPS,[**] District Judge.

Bibiji Inderjit Kaur Puri ("Bibiji") appeals the district court's order confirming the third and final arbitration award in her dispute with East West Tea Company, LLC ("EWTC")[1] over the "Yogi Tea" trademark and related intellectual property. Bibiji also challenges the district court's prior orders vacating in part and remanding the arbitrators' first and second awards.

We have jurisdiction to review the order confirming the final award under 9 U.S.C. § 16(a)(1)(D), and we have jurisdiction to review the district court's earlier orders because they were not immediately appealable, *see Sanchez v. Elizondo*, 878 F.3d 1216, 1219–21 (9th Cir. 2018) (holding that orders vacating and remanding arbitration awards are immediately appealable only if they remand for "a new arbitration"). We reverse and remand with instructions.[2]

1. The district court erred by vacating in part and remanding the first arbitration award on the grounds that the arbitrators should have considered events that occurred after the close of the arbitration proceeding. Under the arbitrators' procedural rules, to which the parties stipulated, the arbitrators had broad

[**]    The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.
[1]    EWTC was formerly known as Golden Temple of Oregon, LLC.
[2]    Bibiji's motion for judicial notice, Dkt. No. 23, is granted with respect to the Arbitration Service of Portland rule but denied in all other respects. *See* Fed. R. Evid. 201(b)(2).

2

discretion in deciding whether to reopen the proceedings to consider EWTC's new evidence. *See* Arbitration Service of Portland, Rule 28, *available at* http://www.arbserve.com/pages/procedural_rules_14.htm#28 ("A hearing may be reopened prior to the rendering of the award . . . if, in the discretion of the arbitrator(s), it appears just and proper to do so."); *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989) (holding that the Federal Arbitration Act requires courts to enforce arbitration agreements according to their terms, including where the parties "specify by contract the rules under which [the] arbitration will be conducted"). Here, the arbitrators determined that it was proper to reopen the proceeding only if both sides consented. This was not "completely irrational" or "a manifest disregard for the law." *See Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003).

Nor did the arbitrators "ignore" the applicable law; they simply exercised their discretion not to reopen. *See Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009) (explaining that arbitrators manifestly disregard the law if they recognize the applicable law but then ignore it). The first arbitration award was also "mutual, final, and definite" despite its failure to address events that occurred after the arbitration closed. *See* 9 U.S.C. § 10(a)(4). The arbitrators considered all evidence presented during the proceeding, and their award resolved all issues raised and clearly declared the parties' obligations.

Therefore, there was no basis in the FAA for vacating the first arbitration award. *See Kyocera*, 341 F.3d at 998 (noting that the FAA affords federal courts "an extremely limited review authority"). Because this issue requires us to reverse, we need not address Bibiji's arguments regarding the district court's two subsequent orders.

We remand with instructions to confirm the first arbitration award, as required by 9 U.S.C. § 9. We leave it to the district court on remand to decide, after staying the judgment, whether it is the proper forum to consider the effect of the licensing agreements between EWTC and the trustees or whether that issue is one that must be arbitrated.

2. Bibiji's request for costs and fees associated with this appeal pursuant to the 2004 license agreement is granted because Bibiji is the prevailing party on appeal, having obtained a substantial modification of the judgment. *See* Or. Rev. Stat. § 20.077(3).

**REVERSED and REMANDED with instructions**.